*Kelley* and *McCrillis*, for plaintiff.

*J. E. Godfrey*, for defendant.

---

WILLIAMS *versus* ROBBINS.

The Act of this State, passed August 3, 1848, provides, that no action against a bankrupt, for a debt due prior to his bankruptcy, should be "brought and maintained upon any new promise, unless the same be in writing."

In such an action the defence of bankruptcy is defeated by an unconditional promise to pay, made *prior* to that Act.

ASSUMPSIT, submitted on agreed facts. The defendant, prior to December, 1842, owed the plaintiff fifty dollars on

.account. On March 21, 1843, he was decreed a bankrupt on his own petition, dated Dec. 16, 1842, and obtained a final discharge Aug. 27, 1844. In 1845, the plaintiff's agent presented him the bill for payment. He said the bill was right, that he could not pay it then, but would pay $10, the next day, and the residue when convenient; that he was not legally bound to pay it, but it was an honorary debt, that it was like cash in hand, and he would pay it.

*Rowe*, for plaintiff.

*Kelley* and *McCrillis*, for defendant.

SHEPLEY, C. J., orally. — The conversation relied on by the plaintiff was prior to the Act, invalidating new promises in bankruptcy cases, except those made in writing. Was there a binding promise. The first part of the conversation was with some limitations. Parties in making verbal contracts often open with propositions which, on further consideration, they consent to enlarge. At the conclusion, the defendant said the debt was an honorary one, and he would pay it. We think it was not his meaning to connect this promise with the preceding limitations, and that it was a promise unconditional. *Judgment for plaintiff.*